UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANDRA WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 15-1130 |
| | ) |
| WOLTERS KLUWER HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Deandra Wilkins ("Wilkins"), brings this action against Defendant Wolters Kluwer Health, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

**PARTIES**

2. At all times relevant to this action, Wilkins resided in the Southern District of Indiana.

3. At all times relevant to this action, Defendant conducted business and maintained offices in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. At all time relevant to this action, Wilkins was an "employee" within the meaning of 42 U.S.C. §12111(4).

5. At all time relevant to this action, Wilkins was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. § 2611(4).

7. At all times relevant to this action, Wilkins was a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(1) and 12111(8).

8. Jurisdiction is conferred on this Court by 42 U.S.C. §12117, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331.

9. Wilkins satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination (Charge No. 470-2015-00770) with the United States Equal Employment Opportunity Commission alleging unlawful actions based on disability. Wilkins received a Dismissal and Notice of Rights and timely brings this action within ninety (90) days of her receipt thereof.

10. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. Wilkins began her employment with Defendant in February 2007.

12. At all times relevant to this action, Wilkins met or exceeded Defendant's legitimate expectations of performance.

13. As a result of her disability, Wilkins took an FMLA-qualifying leave of absence from her Manager position from August 1, 2014 – August 30, 2014 and a second FMLA-qualifying leave of absence as a result of the same disability from September 17, 2014 – September 30, 2014.

14. Upon returning to work following her second leave of absence, Wilkins was stripped of her management responsibilities and assigned tasks commensurate with those performed by the employees that she had been responsible for supervising in her role as Manager. In other words, Defendant demoted Wilkins and, in so doing, failed to restore Wilkins to the same position or to a comparable position following the conclusion of her September 17, 2014 – September 30, 2014 FMLA-qualifying leave.

15. Following the demotion, employees who had previously reported to Wilkins shunned her and generally treated her in a lesser fashion than how she had been treated prior to her demotion.

16. Unhappy with the hostile work environment to which she was being subjected, Wilkins submitted notice of her resignation on November 19, 2014. Wilkins' resignation was to be effective December 5, 2014.

17. On December 2, 2014, Wilkins requested a one (1) day FMLA leave as a result of her disability.

18. Defendant denied Wilkins' request for an FMLA-qualifying leave and, instead, terminated her employment.

19. The termination of Wilkins' employment was based, in whole or in part, on her disability and/or Wilkins having exercised her rights under the FMLA.

## CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE ADA

20. Wilkins hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint and Demand for Jury Trial.

21. Defendant discriminated against Wilkins in violation of the ADA.

22. Defendant retaliated against Wilkins in violation of the ADA.

23. Wilkins was harassed in violation of the ADA.

24. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Wilkins' rights as protected by the ADA.

25. Wilkins has suffered damages as a result of Defendant's unlawful actions.

## COUNT II – VIOLATIONS OF THE FMLA

26. Wilkins hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint and Demand for Jury Trial.

27. Defendant retaliated against Wilkins in violation of the FMLA.

28. Defendant interfered with Wilkins' attainment of rights in violation of the FMLA.

29. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Wilkins' rights as protected by the FMLA.

30. Wilkins has suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Deandra Wilkins, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Order Defendant to reinstate Wilkins to the Manager position she held prior to the conclusion of her September 17, 2014 – September 30, 2014 FMLA-qualifying leave or to a comparable position with full seniority, benefits and wages, or pay to Wilkins front pay in lieu thereof;

2. Order Defendant to pay to Wilkins any and all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3. Order Defendant to pay to Wilkins compensatory damages;

  4.  Order Defendant to pay to Wilkins punitive damages;

  5.  Order Defendant to pay to Wilkins liquidated damages;

  6.  Order Defendant to pay to Wilkins all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

  7.  Order Defendant to pay to Wilkins pre- and post-judgment interest on all sums recoverable;

  8.  Enjoin Defendant from future violations of the ADA;

  9.  Enjoin Defendant from future violations of the FMLA; and

  10.  Order Defendant to provide Wilkins with all other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

 s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone: (317) 616-3671
E-Mail: ajones@andrewgjoneslaw.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

  Comes now the Plaintiff, Deandra Wilkins, by counsel, and demands a trial by jury on all issues deemed so triable.

              Respectfully submitted,

               s/ Andrew G. Jones
              Andrew G. Jones (#23020-49)
              LAW OFFICE OF ANDREW G. JONES
              9465 Counselors Row, Suite 200
              Indianapolis, Indiana 46240
              Telephone: (317) 616-3671
              E-Mail:  ajones@andrewgjoneslaw.com

              Attorney for Plaintiff